UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-10121-RGS

LINCOLN LATHAM,

v.

STEPHEN KENNEDY, *Superintendent, Old Colony Correctional Center*

<u>ORDER</u>

February 15, 2023

STEARNS, D.J.

For the reasons set forth below, the "Motion to View Crime Scene" of *pro se* plaintiff Lincoln Latham (Dkt #5) is DENIED as follows.

In this motion, Latham asks that he be able to proceed in this action without prepayment of the filing fee. The court denies this request as moot and directs Latham's attention to the order issued by this court on February 8, 2023 (Dkt #8). In this order, the court states that Latham may seek leave to proceed without prepayment of the filing fee by submitting, within twenty-one (21) days, a completed Application to Proceed in District Court Without Prepaying Fees or Costs and a six-month prison account statement, and that failure to comply with the order could result in dismissal of the action.

If Latham submits a completed Application and the six-month prison account statement, and the court grants the Application, Latham will be able

to proceed without *prepayment* of the filing fee, but he will still be required to pay the $350 statutory filing fee over time, regardless of the outcome of the case. In addition, Latham's complaint will be subject to a preliminary screening under 28 U.S.C. § 1915A and could be dismissed without the issuance of a summons.

The motion is also DENIED with respect to Latham's request to view the "crime scene." Latham also alleges that OCCC Superintendent Stephen Kennedy "committed the CRIME OF ARMED ROBBERY BY NEGLIGENTLY WRITING A LETTER TO THE PLAINTIFF, IN WHICH Mr. Kennedy threatened to use a LIE named COVID-19, coronavirus desease to Steal Lincoln Latham weekly $30.00 Inmate Canteen Order for no legitimate reason." Mot. ¶ A (as in original). Latham seeks an order "commanding" Superintendent Kennedy "to Stop Using COVID-19 as a method of Armed Robbery" and pay $5,000 in damages to Latham. *Id*. ¶¶ B.2., B.5. In what could be considered a veiled threat, Latham claims that he has nine friends "in the Mattapan Areas of Boston" who could "assist the Court by physically removing the man Stephen Kennedy from his office at 1 Administration Road in Bridgewater." *Id*. ¶ B.6. In his cover letter accompanying the motion, Latham states, "The Defendant allegedly committed the Crime of Armed

Robbery, this Motion is to View the Scene of that Crime in mention." (Dkt #5-1 ¶ 3) (as in original).

Even assuming that Latham has adequately pled a claim for relief concerning Kennedy's handing of Latham's prison account, Latham has not alleged facts suggesting that Kennedy committed "armed robbery," and there is no basis for the court to order a view of the "scene of the crime."

For the foregoing reasons, Latham's "Motion to View Crime Scene" is DENIED.

**SO ORDERED.**

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE