UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-10121-RGS

LINCOLN LATHAM,

v.

STEPHEN KENNEDY, *Superintendent, Old Colony Correctional Center*

MEMORANDUM AND ORDER

April 7, 2023

STEARNS, D.J.

*Pro se* plaintiff Lincoln Latham, who is incarcerated at Souza Baranowski Correctional Center ("SBCC"), has filed a "Complaint of Negligence," Dkt #1, and numerous other papers, the thrust of which is that, on several occasions, SBCC Superintendent Stephen Kennedy stole items from Latham's canteen orders. For the reasons set forth below, the court will dismiss this action for failure to state a claim upon which relief may be granted. The court will not assess a filing fee.

I. Court's Authority to Screen the Complaint

Under 28 U.S.C. § 1915A, the court is required to conduct a preliminary review of a complaint filed by a prisoner against government entities or employees. 28 U.S.C. § 1915A(a). The court is required "to identify cognizable claims or dismiss the complaint, or any portion of the complaint,

if the complaint (1) is frivolous,[1] malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary damages from a party that is immune from such relief." 28 U.S.C. § 1915A(b).

## II. Latham's Complaint Fails to State a Claim for Relief

To state a claim for relief, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "contain sufficient factual matter, accepted as true" to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Latham's complaint, viewed together with his numerous motions, declarations, and petitions, fails to state a plausible claim for relief.[2]

---

[1] Regardless of a plaintiff's belief of the importance of his lawsuit, in legal parlance, a claim is objectively "frivolous" when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[2] In discussing these deficiencies, the court addresses a few specific claims that are representative of Latham's pervasive allegations regarding Kennedy's alleged misconduct.

2

A.  Claims for "Assault" and "Battery"

Latham claims in his complaint and throughout his filings that Kennedy committed "assault" and "battery" by trying to steal items from Latham's weekly canteen orders of approximately $30.00.  For example, in "Plaintiff's Declaration in Support of Motion to View Crime Scene," Latham claims that three items were stolen—toothpaste, smores, and a stamped envelope—from his February 8, 2023 canteen order for items totaling $34.13.  Dkt #9-1 ¶ 2.  Latham maintains that these items were wrongfully taken by a correctional officer who is an "affiliate" of Kennedy.  Latham characterizes this alleged theft as a "Assault & Battery and Robbery," and a violation of his constitutional right to not be deprived of his life, liberty, or property without due process of law.  *Id.* ¶¶ 2-4.

Latham's allegations of assault and battery are entirely conclusory and not supported by any of his factual allegations.  A person is liable for "assault" if he intentionally puts another in imminent apprehension of harmful or offensive physical contact.  *See* Restatement (Second) of Torts § 21 (1965).  A person is liable for "battery" when he intentionally causes harmful or offensive physical contact with another person.  *See id.* § 13 (1965).  Latham does not make any factual allegations from which the Court may reasonably infer that Kennedy engaged in either form of intentional misconduct.

3

> B.  Allegations that Kennedy Is Responsible for Theft of Latham's Property

Further, Latham's allegations that Kennedy, with the involvement of others, stole items that Latham had purchased from the prison canteen are merely conclusory. Latham has not provided specific factual material from which the court may reasonably infer that Kennedy was involved in the theft of Latham's property, or, in some instances, that the theft occurred at all.

For example, the documents that Latham submitted in support of his accusation that toothpaste, smores, and a stamped envelope were stolen from his canteen order do not support a claim of theft. The canteen order statement shows that the purchase total of $34.13 did not include the toothpaste or the smores because they were not available. Dkt #9-2 at 3. Further, it appears that Latham was told he would receive a refund for the stamped envelope for which he was charged but did not receive. *Id*. at 2.

In addition, Latham makes allegations of causation so extraordinary that they cannot be credited. For example, Latham claims that:

> On 9/6/2022 singer Beanie Sigel signed Blake Griffin to a Contract with the Boston Celtic basketball team in Massachusetts area. The reason Mr. Sigel signed Blake Griffin was to steal my weekly $30.00 inmate canteen orders by illegally wiring the receipts into a false bank account operated by Blake Griffin, this robbery was done under the watchful eye of Superintendent Stephen Kennedy.

4

Dkt #15 ¶ 7 (capitalization standardized).

    C.    Due Process Claim

Finally, any random and unauthorized taking of Latham's property by Kennedy or another state actor is not a violation of the right to due process because Massachusetts law provides an adequate remedy (*e.g.*, a state tort action) for the alleged the unlawful taking. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available"); *Facella v. Commonwealth*, 19-P-1735, 100 Mass. App. Ct. 1107, 2021 WL 4057344, at *1 (2021) (unpublished) (prisoner plaintiff who claimed correctional officer intentionally destroyed his comic books could not assert a due process claim where a state tort claim was available to him).

ORDER

For the foregoing reasons, this action is DISMISSED without prejudice for failure to state a claim upon which relief may be granted. No filing fee is assessed. All motions shall be terminated as moot.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE